# EXHIBIT A

FILED: 5/4/2021 3:59 PM
David Trantham
Denton County District Clerk
By: Paige Perkins, Deputy

21-3685-16

CAUSE NO. _____

| | | |
|---|---|---|
| RACHEL A. WHITE, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| WELLS FARGO BANK, N. A., | § | |
| | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Rachel A. White ("Plaintiff") files this Original Petition against Wells Fargo Bank, N. A. ("Defendant").

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### III.

### PARTIES

2.      Plaintiff is an individual and a citizen of Denton County, Texas. The last three numbers of her social security number are 921 and the last three numbers of her Texas driver's license are 933.

3.      Defendant is a corporate fiduciary organized under the laws of the state of California with its principal place of business located at 550 South 4th Street, 11th Floor, Minneapolis, Minnesota 55415. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Corporation

Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## IV.

## JURISDICTION

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

6.      Venue is proper in Denton County because all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Denton County.[1]

## VI.

## BACKGROUND FACTS

7.      Plaintiff worked for Defendant at its branch located at 1301 Solana Boulevard, Westlake, TX 76262 from on or about March 23, 2015 until she was wrongfully terminated on or about July 7, 2020.

8.      During Plaintiff's employment, she did not have any disciplinary issues. Plaintiff suffers from diabetes and was required to take a few days off from work periodically. Plaintiff also had to take time off on March 19, 2019 because she had a hysterectomy.

9.      On or around December 11, 2019, Defendant contacted Plaintiff about a mobile deposit to her personal bank account held with Wells Fargo. The deposited check was written from a Rotary Club in Alaska paid to the order of Rachel White for "medical bills," but it was from someone in Anchorage, Alaska. Plaintiff looked at her banking records and informed them

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

**Plaintiff's Original Petition**                                                                 **Page 2**

that she did not make an $1,800.00 mobile deposit to her account. Plaintiff also confirmed that she did not know anyone from Anchorage, Alaska, and had no idea who would have deposited the check into her account. The charge was then reversed, and Plaintiff's account was closed.

10.     Shortly after the mobile deposit incident, Plaintiff went on approved medical leave for seven months. When Plaintiff returned on July 7, 2020, her supervisor, Wes King, told her that she was being fired for theft and that she would not be eligible for rehire.

11.     Plaintiff immediately called Human Resources to inquire about her termination and was told that it was due to dishonesty and fraud. The reason for termination was clearly pretextual because it was for an incident that had been resolved months prior and Plaintiff had no involvement in the check being deposited. Plaintiff was terminated immediately following her need for medical leave because Defendant did not want to accommodate her further.

## VII.

## <u>CONDITIONS PRECEDENT</u>

12.     Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

13.     The Charge was filed within 180 days after Plaintiff was terminated.

14.     More than 180 days have passed since the Charge was filed and no action has been taken.

15.     Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

## CAUSES OF ACTION

**A.    Cause of Action—Disability Discrimination—TCHRA[2]**

16.    Plaintiff incorporates each of the foregoing paragraphs.

17.    Defendant discriminated against Plaintiff because of her disability and/or perceived disability and/or record of a disability and/or because it regarded her as disabled.

18.    Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.    Cause of Action—Wrongful Termination—Disability Discrimination—TCHRA**

19.    Plaintiff incorporates each of the foregoing paragraphs.

20.    Defendant terminated Plaintiff's employment because of her disability and/or perceived disability and/or record of a disability and/or because it regarded her as disabled.

21.    Defendant's actions violated section 21.051 of the Texas Labor Code.

## IX.

## DAMAGES

22.    Plaintiff incorporates each of the foregoing paragraphs.

23.    Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

24.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

25.    Plaintiff seeks all damages available to her under the TCHRA.

---

[2] Texas Commission on Human Rights Act.

## X.

## ATTORNEYS' FEES AND COSTS

26.     Plaintiff incorporates each of the foregoing paragraphs.

27.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

28.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

29.     Plaintiff incorporates each of the foregoing paragraphs.

30.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

      a.     Prohibiting Defendant from engaging in unlawful discrimination;

      b.     Reinstating Plaintiff's employment with Defendant with backpay;

      c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.     Paying court costs;

      e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

      f.     Any additional equitable relief the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

31.     Plaintiff incorporates each of the foregoing paragraphs.

32.     Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XIII.

## PRESERVATION OF EVIDENCE

33.     Defendant is hereby given notice  that any document or other material, including

electronically stored information that may be evidence or relevant to any issue in this case is to

be preserved in its present form until this litigation is concluded.

## XIV.

## NOTICE PURSUANT TO RULE 193.7

34.     Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas  Rules

of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all

documents exchanged by the parties in written discovery in this case.

## XV.

## JURY DEMAND

35.     Plaintiff demands a trial by jury.

## XVI.

## PRAYER

36.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

     A.     Back pay and front pay (including benefits);

     B.     Compensatory damages;

     C.     Punitive damages;

     D.     Reasonable attorneys' fees and expert fees;

     E.     Injunctive and declaratory relief, including but not limited to, an Order:

          a.     Prohibiting Defendant from engaging in unlawful discrimination;

b.     Reinstating Plaintiff's employment with Defendant with backpay;

c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.     Paying court costs;

e.     A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.     Any additional equitable relief the Court deems proper;

F.     Court costs;

G.     Pre-judgment and post-judgment interest at the rate set by law; and

H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2020-05937 |

**Texas Workforce Commission Civil Rights Division**                    and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) **Ms. Rachel White** | Home Phone (Incl. Area Code) ▮ | Date of Birth ▮ |
|---|---|---|

| Street Address ▮ | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name **Wells Fargo** | No. Employees, Members **500** | Phone No. (Include Area Code) **877-479-3557** |
|---|---|---|

| Street Address **1301 Solana Boulevard, Westlake, TX 76262** | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **July 7, 2020**   Latest **July 7, 2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**
I was employed by Wells Fargo as a Phone Banker from March 23, 2015 until July 7, 2020. During my employment, I did not have any disciplinary issues. I took a few days off of work periodically because of my diabetes and on March 19, 2019, I had a hysterectomy. On or around December 11, 2019, Wells Fargo, where I worked and banked, contacted me about a mobile deposit to my account. I looked at my banking records and let them know that I did not make an $1,800.00 mobile deposit to my account. The charge was then reversed, and my account was closed. The check was written from a Rotary Club in Alaska to "Rachel White" for medical bills, but it was from someone in Anchorage, Alaska. I know of no one from Anchorage, Alaska, and I have no idea who would have deposited the check into my account. Shortly after the incident, I went on approved medical leave for seven months. When I returned on July 7, 2020, my supervisor, Wes King, told me I was being fired for theft and that I would not be eligible for rehire. I called HR to inquire about my termination, and they said it was due to dishonesty and fraud.

The real reason I was terminated was because of my disability. I needed to take medical leave, and the company did not want to accommodate me anymore. I was not informed nor contacted about any investigations conducted in relation to the fraudulent check that was deposited into my account. I was just terminated after returning from medical leave.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Rachel White* |
| 07/27/2020    *Rachel White* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:  Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC |
|---|---|

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

**Respondent's Reason for Adverse Action:**
None.

**Discrimination Statement:**
I have been discriminated against and harassed because of my disability (diabetes) in violation of the Americans with Disabilities Act, as amended, and the Texas Commission on Human Rights Act.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT *Rachel White* |
| 07/27/2020     *Rachel White*<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |